```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
GAETANO ASSOCIATES LTD,                  :
                                         :    05 CIV. 3329 (DLC)
                    Plaintiff,           :
          -v-                            :    MEMORANDUM
                                         :    OPINION & ORDER
ARTEE COLLECTIONS, INC., ARTI BHANDARI   :
(a/k/a SHEILA MEHTA), TAFFARD FABRICS,   :
INC., AMIT DUGHAR and WOODROW SILK,      :
INC., JOHN AND JANE DOES NO. 1 - 10,     :
AND XYZ COMPANY NOS. 1 - 10,             :
                                         :
                    Defendants.          :
-----------------------------------------X
```

DENISE COTE, District Judge:

    This action arises out of a dispute about the design, sale, and distribution of certain fabrics used in the home furnishings market. The complaint was filed by the plaintiff, Gaetano Associates, Ltd. ("Gaetano"), on March 29, 2005, and pleads eight claims under federal and state law. Defendants moved to dismiss the complaint in its entirety. The New York Unfair Competition Law claim was dismissed through an Opinion of February 14, 2006, but plaintiffs were allowed to proceed on the remaining claims. Following a conference with the Court, a Pretrial Scheduling Order was issued on April 4, which, among other things, set a deadline of April 14 for the joinder of parties and amendment of the pleadings, and a deadline of September 29 for the end of fact discovery.

    On September 14 -- five months after the date for joinder and amendment and two weeks before fact discovery was scheduled to close -- defendants Artee Collections, Inc. ("ACI") and Arti Bhandari ("Bhandari") (collectively, "defendants") filed a motion to amend their answer and to add 13 counterclaims. At a

conference on September 27, defendants' slander and libel counterclaims were striken for failure to show good cause as to why they were not timely filed. The copyright infringement counterclaim was striken on the ground that it was "clearly manufactured for this litigation." Defendants were instructed that their motion would be considered with respect to two of the remaining counterclaims, and that fact discovery would be extended through November 10.

In an e-mail to plaintiff's counsel dated September 28, ACI and Bhandari indicated that they wished to pursue claims for (1) misappropriation of trade secrets under Massachusetts law and (2) common law inducement of breach of fiduciary duty.[1] Plaintiff opposes the motion to amend on the grounds that (1) it is untimely; (2) amendment would be futile, as defendants have failed to state a claim; and (3) amendment would be prejudicial to the plaintiff.

I. Good Cause

Where, as here, a scheduling order has been entered, the lenient standard of Rule 15(a), which provides that leave to amend "shall be freely given," is replaced by the Rule 16(b) standard, which prohibits amendment "except upon a showing of

---

[1] Defendants do not indicate which state's law applies to their inducement claim. In its opposition to the instant motion, the only cases cited by plaintiff regarding inducement involve the application of New York law. Defendants do not cite any relevant cases in their briefs and do not indicate any opposition to New York law being applied to this claim.

2

good cause." Fed. R.Civ. P. 15(a), 16(b).[2]  Rule 16 "is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (citation omitted).  Therefore, a finding of good cause requires the movant to "show that the deadlines [could not] be reasonably met despite its diligence." Lincoln v. Potter, 418 F. Supp. 2d 443, 454 (S.D.N.Y. 2006).  See also Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003).

Here, defendants claim that they were not aware of the facts pertaining to their counterclaims until well after the deadline for amendment.  According to defendants, they first received "computerized reports originating from ACI's computer system" on June 15 as part of plaintiff's response to defendants' document requests.  These reports identified 83 customers of ACI along with the amount and types of fabrics they had purchased.  Upon discovering that Gaetano possessed this information, defendants began an investigation to determine how the reports had been passed along to plaintiff.  Defendants' efforts did not reveal the answer, and on August 2 they served interrogatories on plaintiff, seeking, among other things, the identity of the person who had provided Gaetano with the reports.  On September

---

[2] Although defendants' motion to amend was made "pursuant to Fed. R. Civ. P. 13(b), (e), (f), (h), 15(a) and (d)," and the supporting papers discuss various standards for amendment under those Rules, they concede in their reply brief that Rule 16(b) "governs motions for leave to amend after a scheduling order has been entered."

5, plaintiff identified Pradeep Singh ("Singh"), a former ACI employee, as the source of the documents.[3] Defendants filed their motion to amend eight days later. ACI and Bhandari have therefore shown that they were sufficiently diligent in their pursuit of the proposed counterclaims to be allowed to amend their pleadings.

II. Futility of Proposed Amendment

"Where the amended portion of the [pleading] would fail to state a cause of action ... the district court may deny the party's request to amend." Parker, 204 F.3d at 339. In order to state a claim, a party must simply set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. The Supreme Court has emphasized that a complaint must do no more than provide a defendant with fair notice of the claims pending against him. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Fair notice is simply "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." Twombly v. Bell Atlantic Corp., 425 F.3d 99, 107 (2d Cir. 2005). Therefore, a party is not required to plead every element of its case. Rather, the "simplified notice pleading standard relies on liberal discovery

---

[3] Although the interrogatory responses are dated August 24, they do not appear to have been mailed to defendants until September 5.

rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512.

To demonstrate misappropriation of trade secrets under Massachusetts law, defendants would need to show that (1) the reports contained trade secrets; (2) defendants took "reasonable steps to preserve the secrecy" of the reports; and (3) plaintiff "used improper means, in breach of a confidential relationship, to acquire and use the trade secret." Data General Corp. v. Grumman Systems Support Corp., 36 F.3d 1147, 1165 (1st Cir. 1994) (citation omitted). Plaintiff contends that the claim is defective because defendants have not explained "how the list of names or quantities of fabric sold constitutes a trade secret, what steps defendants took to preserve the secrecy of the information or how plaintiffs improperly obtained the alleged trade secret." Under the notice pleading standard, however, defendants are not required to do so.[4] The proposed answer and counterclaims describe the trade secrets at issue, the time period during which they were obtained, and the general method (conspiracy with a former ACI employee) by which Gaetano allegedly acquired them. Furthermore, while the former employee is not named in the pleading, plaintiff is aware of his identity. Under these circumstances, Gaetano cannot plausibly assert that

---

[4] Although Gaetano objects to the specificity of the facts in defendants' pleadings, it has not argued, let alone shown, that defendants' counterclaims should be subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

it has not been given notice of the basis of defendants' misappropriation counterclaim.

To demonstrate that plaintiff induced a breach of fiduciary duty under New York law, defendants must show:

> (1) a breach by a fiduciary of obligations to another, (2) that the [plaintiff] knowingly induced or participated in the breach, and (3) that [defendants] suffered damage as a result of the breach.

Lerner v. Fleet Bank, N.A., 459 F.3d 273, 294 (2d Cir. 2006). Again, Gaetano argues that the facts in defendants' amended answer and counterclaims are insufficient to state a claim for inducement. The document, however, provides a clear description of the basis for this counterclaim: According to defendants, Gaetano convinced an ACI employee to provide it with ACI's customer information in order to gain commercial advantage. Defendants have therefore met their burden under the notice pleading standard.

III. Undue Prejudice

Leave to amend may also be denied if it would cause "undue prejudice to the opposing party." Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 604 (2d Cir. 2005) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, Singh's document production is scheduled for October 27, and his deposition for November 6. Defendants represent that they will need no further discovery in relation to the two remaining counterclaims. As a result, discovery on this issue will be completed nearly four weeks prior to December 1, the date on

which a summary judgment motion or pretrial order is due. Gaetano will therefore not be unduly prejudiced by the amendment of defendants' pleadings.

Conclusion

For the foregoing reasons, defendants' motion to amend their answer, affirmative defenses, and couterclaims is granted with respect to the counterclaims for misappropriation of trade secrets and inducement of breach of a fiduciary duty.

SO ORDERED:

Dated:   New York, New York
         October 25, 2006

                                          _____
                                                  DENISE COTE
                                          United States District Judge